**ORIGINAL**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CHARLENE FIELDS, JOSEPH ETHERIDGE, )
SHARON NELSON AND SHARISSE BROWN, )
*et al.*, )
   On behalf of themselves and on )
   behalf of all other similarly situated )
)
   Plaintiffs, )
)
v. )
)
LOCKHEED MARTIN CORPORATION, )   Case No.: 1:10cv76
6801 Rockledge Drive )
Bethesda, Maryland 20817-1877, )   CMH/TCB
)
   Serve: )
)
   Corporation Service Company )
   11 South 12th Street )
   P.O. Box 1463 )
   Richmond, Virginia 23218, )
)
   Defendant. )
)

## CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL

1.   This is a Civil Representative Action brought by Plaintiffs Charlene Fields, Joseph Etheridge, Sharon Nelson and Sharisse Brown ("Plaintiffs") on behalf of themselves and other similarly situated employees and/or former employees who may opt-in as permitted under 29 U.S.C. § 216(b) by giving their consent in writing to become such a party and filing such consent with this Court, against Lockheed Martin Corporation ("Defendant" or "Lockheed"), brought under the Fair Labor Standards Act of June 25, 1938, Chapter 676, 52 Stat. 1069, 29 U.S.C. §§ 201-19 ("FLSA" or the "Act").

1

2. Plaintiffs and other similarly situated employees who are or were employed by the Defendant bring this action for violation of FLSA within three (3) years of the filing of this action pursuant to 29 U.S.C. § 255a. Plaintiffs and other similarly situated employees claim the three (3) year statute of limitations under 29 U.S.C. § 255a because they allege that Defendant willfully violated the requirements of the Act.

3. Plaintiffs and other similarly situated employees who are or were employed by Defendant are alleging as and for their first cause of action that the Defendant misclassified certain non-exempt hourly Plaintiffs as exempt employees for overtime purposes under the FLSA. 29 U.S.C. § 213(a)(1).

4. Plaintiffs and other similarly situated employees bring their second cause of action for violation of the 29 U.S.C. § 201, *et seq.*, for failure to pay Plaintiffs and other similarly situated employees overtime wages due and owing under the FLSA when they were employed as salaried employees by Defendant.

5. Plaintiffs and other similarly situated employees bring their third cause of action in *quantum meruit* against Defendant. Plaintiffs and other similarly situated employees are entitled to damages in *quantum meruit* as a result of the benefits, *i.e.*, their uncompensated overtime labor, conferred upon Defendant by Plaintiffs and other similarly situated employees, the appreciation of knowledge of the benefits by Defendant, and the retention of overtime wages due and owing to Plaintiffs and other similarly situated employees in circumstances that make it inequitable for Defendant to have received the benefits without paying for their value.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction over the claims presented on the first and second causes of action herein pursuant to the Act of June 25, 1938, Chapter 676, 52 Stat. 1069, 29 U.S.C. §§ 201-219, known as the Fair Labor Standards Act ("FLSA" or "the Act"), a law of the United States regulating interstate commerce, and specifically under the provisions of Section 16 of said Act, as amended (29 U.S.C. § 216(b)).

7. This Court has supplemental jurisdiction over the Virginia common law claims presented in the third cause of action pursuant to 28 U.S.C. § 1367(a).

8. Venue in this district and in this division is appropriate pursuant to 28 U.S.C. §§ 1391(b)(3) and 1391(c), because Defendants conduct business in this judicial district and in this Division in Arlington and Merrifield, Virginia.

## Parties

9. Plaintiff Charlene Fields is a resident of the Commonwealth of Virginia and is or was employed by Lockheed in Merrifield, Virginia.

10. Plaintiff Joseph Etheridge is a resident of the Commonwealth of Virginia and is or was employed by Lockheed in Merrifield, Virginia.

11. Plaintiff Sharon Nelson is a resident of the Commonwealth of Virginia and is or was employed by Lockheed in Merrifield, Virginia.

12. Plaintiff Sharisse Brown is a resident of the Commonwealth of Virginia and is or was employed by Lockheed in Merrifield, Virginia.

13. Lockheed is a Maryland for-profit corporation that has a business presence in the Commonwealth of Virginia and/or otherwise conducts business and/or provides services in the

Commonwealth of Virginia and is subject to the personal jurisdiction of this Court and the Courts of the Commonwealth of Virginia. Its principal executive offices are located in Bethesda, Maryland, and Lockheed has offices throughout the country, including in Arlington and Merrifield, Virginia.

14.     In addition to Plaintiffs, Defendant has employed or does employ other similarly situated employees; that is, these similarly situated employees are or were employed by Defendant as part of its workforce in Virginia in the period from January of 2007 to the present and are or were employees of Defendant as the term is defined by the FLSA.

15.     Upon information and belief, there are at least twenty (20) similarly situated employees who are or were employed by Defendant as part of its workforce in Virginia in the period from January of 2007 to the present and are or were Defendant's employees, as that term is defined by the FLSA.

## Factual Allegations

16.     Plaintiff Fields has given her consent in writing to become a party Plaintiff in this action on behalf of herself and other employees similarly situated. (*See* Plaintiff Field's Notice of Opt-In form and Consent to Become Party Plaintiff form, attached hereto as Exhibit 1.)

17.     Plaintiff Etheridge has given his consent in writing to become a party Plaintiff in this action on behalf of himself and other employees similarly situated. (*See* Plaintiff Etheridge's Notice of Opt-In form and Consent to Become Party Plaintiff form, attached hereto as Exhibit 2.)

18.     Plaintiff Nelson has given her consent in writing to become a party Plaintiff in this action on behalf of herself and other employees similarly situated. (*See* Plaintiff Nelson's Notice of Opt-In form and Consent to Become Party Plaintiff form, attached hereto as Exhibit 3.)

19. Plaintiff Brown has given her consent in writing to become a party Plaintiff in this action on behalf of herself and other employees similarly situated. (*See* Plaintiff Brown's Notice of Opt-In form and Consent to Become Party Plaintiff form, attached hereto as Exhibit 4.)

20. Defendant is a for-profit business incorporated in Maryland, with offices located across the country, including, *inter alia*, offices located at 2650 Park Tower Drive, in Vienna, Virginia, and 1800 South Bell Street, in Arlington, Virginia.

21. Defendant has gross revenue in excess of $500,000.00 per annum and is an enterprise engaged in commerce, as such terms are defined in FLSA, and thus Defendant is an employer subject to the jurisdiction of the FLSA.

22. Defendant employed Plaintiffs as Tier 2 Help Customer Service Representatives ("Tier 2 CSR") in its Merrifield office and misclassified them as FLSA exempt employees from on or about June, 2009, through the present.

23. Defendant employed other employees who were similarly situated to Plaintiffs as Tier 2 Help Customer Service Representatives and misclassified them as FLSA exempt employees from January, 2007 through the present date ("similarly situated employees").

24. Defendant either knew or showed reckless disregard as to whether Plaintiffs and other similarly situated employees were subject to the provisions of the Fair Labor Standards Act of June 25, 1938, Chapter 676, 52 Stat. 1069, 29 U.S.C. §§ 201-19.

25. Defendant willfully and intentionally misclassified Plaintiffs and other similarly situated employees as FLSA exempt from in or about 2007 through the present date so that it could avoid paying overtime compensation to Plaintiffs and other similarly situated employees.

26. Plaintiffs and other similarly situated employees staff the help desk by responding to calls and requests for support from TSA employees regarding issues with payroll, benefits, and

other HR subject areas. The help desk consists of two tiers: Tier 1 and Tier 2.

27. When a TSA employee calls with a request for support, the employee first reaches Tier 1 customer service representatives. Tier 1 CSRs have TSA-approved scripts from which they must attempt to answer the employees' questions.

28. If the Tier 1 CSRs cannot answer the employees' questions from their scripts, the Tier 1 CSRs transfer the call to Tier 2 CSRs, including Plaintiffs and other similarly situated employees.

29. When Tier 2 CSRs receive telephone calls, the Tier 2 CSRs, including Plaintiffs and other similarly situated employees, must refer to the "decision tree," provided to them by Lockheed.

30. The "decision tree" explains in detail how to handle each telephone call: it instructs Tier 2 CSRs, including Plaintiffs and other similarly situated employees, to handle calls requesting information in five steps; to handle calls requesting "status, of which there are those of 'High' priority and others of lesser priority in six steps; and to handle a "critical" call in five steps.

31. The "decision tree" further instructs Tier 2 CSRs, including Plaintiffs and other similarly situated employees, that calls requesting information should take no longer than five minutes, that calls requesting status take no longer than fifteen minutes, and "critical" calls take no longer than fifteen minutes.

32. In resolving service requests, the Tier 2 CSRs, including Plaintiffs and other similarly situated employees, create service request files. If they can answer the employee's questions, the Tier 2 CSRs, including Plaintiffs and other similarly situated employees, will close out the service request. If the Tier 2 CSRs cannot resolve the employee's questions, the Tier 2

CSRs, including Plaintiffs and other similarly situated employees, will escalate the service request to the correct departments, which will then handle the issue.

33.     When escalating the service request, the Tier 2 CSR, including Plaintiffs and other similarly situated employees, must format the service request in computer software as per prior instructions and in a set format so that the issue can be escalated to the next department.

34.     Tier 2 CSRs, including Plaintiffs and other similarly situated employees, do not use any independent judgment or discretion in answering questions presented to them by TSA employees.

35.     Further, the Tier 2 CSRs, including Plaintiffs and other similarly situated employees, are not subject matter experts in any fields.

36.     Lockheed provided frequently asked questions and answers thereto, and instructed Tier 2 CSRs, including Plaintiffs and other similarly situated employees, to refer to the frequently asked questions in attempting to answer calls requesting information.

37.     Further, Tier 2 CSRs, including Plaintiffs and other similarly situated employees, escalate approximately ninety percent of the calls routed to them.

38.     Additionally, Tier 2 CSRs, including Plaintiffs and other similarly situated employees, have no role in drafting human resources policies and procedures and do not supervise any Lockheed or TSA employees.

39.     Moreover, Tier 2 CSRs, including Plaintiffs and other similarly situated employees, do not have the authority to hire or fire personnel, and they do not have any specialized professional skill or training other than general experience in the human resources field.

40.     Based upon their primary duties and responsibilities, Plaintiffs and other similarly situated employees were and are non-exempt employees under the FLSA and thus are and were entitled to overtime wages for their work at an hourly compensation rate and at time-and-a-half

for any and all overtime hours worked.

41. Plaintiffs' and other similarly situated employees' primary duties and responsibilities as Tier 2 CSRs did not allow them to exercise real and/or substantial discretion in their work, as their work was clerical in nature, and thus they were not bona fide professional, executive or administrative employees exempt from overtime and record-keeping provisions of the FLSA.

42. During Plaintiffs' and other similarly situated employees' employment with Defendant, they regularly worked in excess of forty (40) hours per calendar week.

43. Defendant employed Plaintiffs and other similarly situated employees and were required under the FLSA to compensate Plaintiffs and other similarly situated employees for their work at an hourly compensation rate and at time-and-a-half for any and all overtime hours worked despite Defendant's willful misclassification of Plaintiffs and other similarly situated employees under 29 U.S.C. §213(a)(1) as exempt employees.

44. Defendant was aware that Plaintiffs and other similarly situated employees regularly worked in excess of forty (40) hours a week, yet Defendant willfully and intentionally failed to pay overtime compensation to Plaintiffs and other similarly situated employees at a rate of time-and-a-half for any time worked beyond forty (40) hours per calendar week.

45. Defendant recognized its obligation to compensate Plaintiffs and other similarly situated employees for their time worked in excess of forty hours per week.

46. In lieu of paying Plaintiffs and other similarly situated employees at the rate of time-and-a-half for any hours worked over forty (40) per calendar week, Defendant paid Plaintiffs and other similarly situated employees one hour of "compensatory time" for each hour worked between forty one (41) and forty five (45) per week, inclusive, and straight time for each

hour worked over forty five per week ("Comp Time/Straight Time Policy").

47. Plaintiffs and other similarly situated employees conferred a benefit upon Defendant by working for Defendant.

48. Defendant had an appreciation and/or knowledge of the benefits being conferred upon them by Plaintiffs and other similarly situated employees, and Defendant was aware that Plaintiffs and other similarly situated employees expected to be compensated with wages for their work on Defendant's behalf, as evidenced by Defendant's Comp Time/Straight Time Policy.

49. Defendant willfully and intentionally misclassified Plaintiffs and other similarly situated employees as exempt for overtime purposes when they should have been classified as non-exempt employees under the FLSA.

50. Moreover, Plaintiffs and the other similarly situated employees did not hold employment positions with Defendant that fell within the statutory exemptions for *bona fide* executive, administrative, or professional employees, as these terms are defined by the Secretary of Labor under the FLSA.

51. Nevertheless, despite the forgoing, Defendant would forfeit any statutory exemptions for *bona fide* executive, administrative, or professional employees even if the same were applicable to the Plaintiffs' and the other similarly situated employees' positions because Defendant did not treat them as exempt employees.

52. Moreover, Defendant engaged in partial day docking the salaries of Plaintiffs and the other similarly situated employees, reducing their wages proportionately for partial day absences. As such, Defendant cannot meet the FLSA's salary test.

## FLSA Representative Action Allegations

53. After completing 40 hours of labor in any given week, Plaintiffs and other similarly situated employees were entitled to overtime compensation from the Defendant.

54. Despite Plaintiffs and other similarly situated employees regularly completing over forty (40) hours of labor for the Defendant in any given week, Defendant failed and/or refused to pay Plaintiffs and other similarly situated employees the overtime compensation to which they were and are entitled.

55. When Plaintiffs and other similarly situated employees worked for Defendant as Tier 2 CSRs, Plaintiffs and the other similarly situated employees did not hold employment positions with Defendant that fell within the statutory exemptions for bona fide executive, administrative, or professional employees, as these terms are defined by the Secretary of Labor under the FLSA.

56. Plaintiffs bring this representative action on behalf of themselves and all other similarly situated employees.

57. The cohort of similarly situated employees which Plaintiffs seek to represent is defined as follows:

> All present and former non-exempt employees of Defendant employed as Tier 2 Customer Service Representatives and misclassified as exempt under the FLSA and thus not paid overtime at a rate equal to one and one-half times their hourly compensation rate. This cohort is limited to individuals employed by Defendant as Tier 2 Customer Service Representatives who were entitled to be compensated with overtime wages equal to one and one-half times their regular compensation rate pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, and who were caused to sustain damages when they were not paid the overtime wages equal to one and one-half times their regular compensation rate that were legally due and owing to them from and by Defendant.

58. The precise number of similarly situated employees and their addresses are unknown to Plaintiffs but are believed to exceed twenty (20).

59. The similarly situated employees may be identified from Defendant's records and may be notified of the pendency of this representative action by mail, supplemented, if deemed necessary, by published notice.

60. There is a well-defined community of interest in the questions of law and fact involved in this case which affect Plaintiffs and all similarly situated employees. Questions of law and fact in common include, but are not limited to, the following:

   a. The amount of overtime wages due and owing by the Defendant to the Plaintiffs and all similarly situated employees pursuant to FLSA;

   b. Whether Defendant is unjustly enriched by not paying Plaintiffs and all similarly situated employees that are legally due and owing to them pursuant to the FLSA;

   c. Whether Plaintiffs are entitled to the declaratory relief prayed for below

   d. The proper measure of Plaintiffs' and all similarly situated employees' damages; and

   e. Whether Plaintiffs and all similarly situated employees are entitled to injunctive relief and the nature of such relief.

61. Plaintiffs adequately represent the similarly situated employees because they will fairly and adequately protect their interest. Plaintiffs' interests do not conflict with the interests of the similarly situated employees whom they seek to represent. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in employment litigation.

62. The interests of the similarly situated employees will be fairly and adequately protected by Plaintiffs and their counsel, and this action may be maintained as a representative

action because Defendant has acted or refused to act on grounds generally applicable to Plaintiffs and similarly situated employees, thereby making appropriate final and injunctive relief or corresponding declaratory relief with respect to the similarly situated employees.

## COUNT I
### Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*
### (Misclassification)

63. Plaintiffs and the similarly situated employees hereby incorporate all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

64. Plaintiffs and the similarly situated employees are or were "employees" and Defendant is an "employer" as those terms are defined in 29 U.S.C. § 203.

65. Defendant willfully and/or intentionally misclassified Plaintiffs and similarly situated employees as exempt for overtime purposes under the FLSA when they should have been classified as non-exempt employees under FLSA.

66. Defendant's actions were taken with willful disregard for the rights of Plaintiffs and other similarly situated employees under FLSA.

67. Because Defendant willfully and intentionally misclassified Plaintiffs and similarly situated employees as exempt for overtime purposes under the FLSA, Defendant willfully and intentionally failed and/or refused to pay to Plaintiffs and similarly situated employees overtime wages due and owing under the FLSA when they were employed by Defendant.

68. As a result of Defendant's unlawful conduct, Plaintiffs and similarly situated employees suffered a loss of wages.

69. Plaintiffs and similarly situated employees are owed unpaid overtime wages by Defendant as allowed under 29 U.S.C. §§ 206 and 207 in an amount which will be determined

upon review of Defendant's records and/or at the trial of this action.

70. The number of similarly situated employees, and the names of such persons, is unknown, but such persons, upon information and belief, number twenty (20) or more and such persons, who will be identified once discovery is had in this case upon the review of Defendant's records and upon such identification will file written consents to joinder with this Court pursuant to 29 U.S.C. § 216(b), are owed unpaid overtime wages from Defendant pursuant to 29 U.S.C. §§ 206 and 207 in an amount which will be determined upon a review of Defendant's records and/or at the trial of this action.

71. For violations of the FLSA, 29 U.S.C. § 216(b) allows Plaintiffs and similarly situated employees to recover from Defendant, in addition to any judgment awarded, an additional equal amount as liquidated damages as well as interest on the monies due and owing. 29 U.S.C. § 216(b) further provides that Plaintiffs and similarly situated employees may receive, without limitation, employment, reinstatement, promotion, the costs of this action, as well as a reasonable attorneys' fee to be paid by Defendant.

## COUNT II
### Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*
### (Collection of Wages)

72. Plaintiffs and the similarly situated employees hereby incorporate all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

73. Plaintiffs and similarly situated employees are or were "employees" and Defendant is an "employer" as those terms are defined in 29 U.S.C. § 203.

74. Through the actions alleged above, Defendant failed and/or refused to pay to Plaintiffs and similarly situated employees overtime wages in violation of the FLSA.

75. Defendant's actions were taken with willful disregard for the rights of Plaintiffs

and of similarly situated employees under FLSA.

76. As a result of Defendant's unlawful conduct, Plaintiffs and similarly situated employees suffered a loss of wages.

77. Plaintiffs and similarly situated employees are owed unpaid overtime wages by Defendant as allowed under 29 U.S.C. §§ 206 and 207 in an amount which will be determined upon review of Defendant's records and/or at the trial of this action.

78. The number of misclassified similarly situated employees, and the names of such persons, is unknown, but such persons, upon information and belief, number twenty (20) or more and such persons, who will be identified once discovery is had in this case upon the review of Defendant's records and upon such identification will file written consents to joinder with this Court pursuant to 29 U.S.C. § 216(b), are owed unpaid overtime wages from Defendant pursuant to 29 U.S.C. §§ 206 and 207 in an amount which will be determined upon a review of Defendant's records and/or at the trial of this action.

79. For violations of the FLSA, 29 U.S.C. § 216(b) allows Plaintiffs and similarly situated employees to recover from Defendant, in addition to any judgment awarded, an additional equal amount as liquidated damages as well as interest on the monies due and owing. 29 U.S.C. § 216(b) further provides that Plaintiffs and similarly situated employees may receive, without limitation, employment, reinstatement, promotion, the costs of this action, as well as a reasonable attorneys' fee to be paid by Defendant.

**COUNT III**
***Quantum Meruit***
**Virginia Common Law**

80. Plaintiffs and the similarly situated employees hereby incorporate all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

81. At times, Plaintiffs and similarly situated employees were employees of Defendant.

82. Defendant had a contractual obligation to compensate Plaintiffs and similarly situated employees with regular and overtime wages for the regular and overtime hours Plaintiffs and similarly situated employees worked for Defendant.

83. Plaintiffs and similarly situated employees conferred benefits upon Defendant by working regular and overtime hours on Defendant's behalf.

84. Defendant had an appreciation or knowledge of the benefits being conferred upon it by Plaintiffs and similarly situated employees.

85. Despite the foregoing, Defendant retained some of the overtime wages due and owing to Plaintiffs and the similarly situated employees in circumstances that make it inequitable for Defendant to have received the benefits without paying for their value.

86. Wherefore, Plaintiffs and the similarly situated employees seek a judgment against Defendant in *quantum meruit*, together with an award of interests and costs.

### Prayer for Relief

WHEREFORE, Plaintiffs Charlene Fields, Joseph Etheridge, Sharon Nelson and Sharisse Brown and the similarly situated employees pray this Honorable Court for the following relief:

A. An order appointing Plaintiffs and their counsel of record to represent all other similarly situated employees in their FLSA claims;

B. Judgment for the Plaintiffs and similarly situated employees and against Defendant on their *quantum meruit* claims;

C. An order awarding restitution and/or disgorgement of profits;

D. Judgment against the Defendant in the amount of economic damages,

compensatory damages, and liquidated damages to be determined at trial;

E. Pre-judgment interest;

F. A reasonable attorney's fee and the costs of this action;

G. Any other relief this Honorable Court deems just and proper to award.

    Charlene Fields, Joseph Etheridge, Sharon Nelson and Sharisse Brown, *et al.*,
    *By Counsel*

R. Scott Oswald, Esq.
VSB# 41770
*Counsel for the Plaintiffs*
Nicholas Woodfield, Esq.
VSB# 48938
*Counsel for the Plaintiffs*
The Employment Law Group, P.C.
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
nwoodfield@employmentlawgroup.net

### **Jury Demand**

Plaintiffs request a trial by jury on all issues.

                Charlene Fields, Joseph Etheridge, Sharon Nelson
and Sharisse Brown, *et al.*,
*By Counsel*

_____
R. Scott Oswald, Esq.
VSB# 41770
*Counsel for the Plaintiffs*
Nicholas Woodfield, Esq.
VSB# 48938
*Counsel for the Plaintiffs*
The Employment Law Group, P.C.
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
nwoodfield@employmentlawgroup.net