**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

CHARLENE FIELDS, JOSEPH
ETHERIDGE, SHARON NELSON, AND
SHARISSE BROWN, *et. al.*,

        Plaintiffs,

        v.

LOCKHEED MARTIN CORPORATION,

        Defendant.

Case No. 1:10-CV-76 CMH/TCB

**DEFENDANT LOCKHEED MARTIN CORPORATION'S
ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant Lockheed Martin Corporation ("Lockheed"), by and through its attorneys, Jackson Lewis LLP, hereby submits this Answer and Defenses to Plaintiffs' Complaint as follows:

1.    This is a Civil Representative Action brought by Plaintiffs Charlene Fields, Joseph Etheridge, Sharon Nelson and Sharisse Brown ("Plaintiffs") on behalf of themselves and other similarly situated employees and/or former employees who may opt-in as permitted under 29 U.S.C. § 216(b) by giving their consent in writing to become such a party and filing such consent with this Court, against Lockheed Martin Corporation ("Defendant" or "Lockheed"), brought under the Fair Labor Standards Act of June 25, 1938, Chapter 676, 52 Stat. 1069, 29 U.S.C. §§ 201-19 ("FLSA" or the "Act").

**ANSWER TO PARAGRAPH NO. 1:**  Lockheed avers that Plaintiffs purport to bring this lawsuit under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). Lockheed

denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed avers that no answer is required as to whether employees and/or former employees may "opt-in as permitted under 29 U.S.C. § 216(b) by giving their consent in writing to become such a party and filing such consent with this Court," as it calls for a legal conclusion. To the extent that Plaintiffs contend in Paragraph 1 that this matter is appropriate for collective action and that the requirements for certification are met, Lockheed denies such allegations. Lockheed denies the remaining allegations contained in Paragraph 1.

2.      Plaintiffs and other similarly situated employees who are or were employed by the Defendant bring this action for violation for FLSA within three (3) years of the filing of this action pursuant to 29 U.S.C. § 255a. Plaintiffs and other similarly situated employees claim the three (3) year statute of limitations under 29 U.S.C. § 255a because they allege that Defendant willfully violated the requirements of the Act.

**ANSWER TO PARAGRAPH NO. 2:** Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed admits that Plaintiffs Fields, Etheridge, Nelson, and Brown are or were employed by Lockheed within three years of the filing of this action. Lockheed avers that Plaintiffs purport to claim the three year statute of limitations under 29 U.S.C. § 255(a). Lockheed denies that it willfully violated the requirements of the FLSA. To the extent that Plaintiffs contend in Paragraph 2 that Lockheed violated the FLSA, such allegations are denied. To the extent that Plaintiffs contend in Paragraph 2 that this matter is appropriate for collective action and that the requirements for certification are met, Lockheed denies such allegations. Lockheed denies the remaining allegations contained in Paragraph 2.

3.      Plaintiffs and other similarly situated employees who are or were employed by Defendant are alleging as and for their first cause of action that the Defendant misclassified certain non-exempt hourly Plaintiffs as exempt employees for overtime purposes under the FLSA. 29 U.S.C. § 213(a)(1).

**ANSWER TO PARAGRAPH NO. 3:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed avers that Plaintiffs purport to allege as their first cause of action that Lockheed misclassified certain workers as exempt from the overtime requirement of the FLSA.  To the extent that Plaintiffs contend in Paragraph 3 that Lockheed violated the FLSA, such allegations are denied.  To the extent that Plaintiffs contend in Paragraph 3 that this matter is appropriate for collective action and that the requirements for certification are met, Lockheed denies such allegations.  Lockheed denies the remaining allegations contained in Paragraph 3.

4.      Plaintiffs and other similarly employees bring their second cause of action for violation of the 29 U.S.C. § 201, *et seq.*, for failure to pay Plaintiffs and other similarly situated employees overtime wages due and owing under the FLSA when they were employed as salaried employees by Defendant.

**ANSWER TO PARAGRAPH NO. 4:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed avers that Plaintiffs purport to allege as their second cause of action that Lockheed failed to pay Plaintiffs and other employees overtime wages in violation of the FLSA.  To the extent that Plaintiffs contend in Paragraph 4 that Lockheed violated the FLSA, such allegations are denied.  To the extent that Plaintiffs contend in Paragraph 4 that this matter is appropriate for

collective action and that the requirements for certification are met, Lockheed denies such allegations. Lockheed denies the remaining allegations contained in Paragraph 4.

5.    Plaintiffs and other similarly situated employees bring their third cause of action in *quantum meruit* against Defendant.   Plaintiffs and other similarly situated employees are entitled to damages in *quantum meruit* as a result of the benefits, *i.e.*, their uncompensated overtime labor, conferred upon Defendant by Plaintiffs and other similarly situated employees, the appreciation of knowledge of the benefits by Defendant, and the retention of overtime wages due and owing to Plaintiffs and other similarly situated employees in circumstances that make it inequitable for Defendant to have received the benefits without paying for their value.

**ANSWER TO PARAGRAPH NO. 5:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed avers that Plaintiffs purport to allege their third cause of action in *quantum merit*. Lockheed avers that Plaintiffs purport to allege in their third cause of action that they are entitled to damages in *quantum merit* as a result of benefits conferred upon Lockheed by Plaintiffs and other employees, that Lockheed appreciated and had knowledge of said benefits, and that Lockheed retained overtime wages due and owing to Plaintiffs and other employees in circumstances that made it inequitable for Lockheed to have received said benefits.   To the extent that Plaintiffs contend in Paragraph 5 that this matter is appropriate for collective action and that the requirements for certification are met, Lockheed denies such allegations. Lockheed denies the remaining allegations contained in Paragraph 5.

## Jurisdiction and Venue

6.      This Court has subject matter jurisdiction over the claims presented on the first and second causes of action herein pursuant to the Act of June 25, 1938, Chapter 676, 52 Stat. 1069, 29 U.S.C. §§ 201-219, known as the Fair Labor Standards Act ("FLSA" or "the Act"), a law of the United States regulating interstate commerce, and specifically under the provisions of Section 16 of said Act, as amended (29 U.S.C. § 216(b)).

**ANSWER TO PARAGRAPH NO. 6:**  Lockheed denies there is any basis for Plaintiffs' claims but admits the remaining allegations in Paragraph 6.

7.      This Court has supplemental jurisdiction over the Virginia common law claims presented in the third cause of action pursuant to 28 U.S.C. § 1367(a).

**ANSWER TO PARAGRAPH NO. 7:**  Lockheed denies there is any basis for Plaintiffs' claims but admits the remaining allegations in Paragraph 7.

8.      Venue in this district and in this division is appropriate pursuant to 28 U.S.C. §§ 1391(b)(3) and 139(c), because Defendants conduct business in this judicial district and in this Division in Arlington and Merrifield, Virginia.

**ANSWER TO PARAGRAPH NO. 8:**  Lockheed denies there is any basis for Plaintiffs' claims but admits the remaining allegations in Paragraph 8.

## Parties

9.      Plaintiff Charlene Fields is a resident of the Commonwealth of Virginia and is or was employed by Lockheed in Merrifield, Virginia.

**ANSWER TO PARAGRAPH NO. 9:** Lockheed admits, on information and belief, that Plaintiff Charlene Fields is a resident of the Commonwealth of Virginia. Lockheed admits the remaining allegations in Paragraph 9.

10.    Plaintiff Joseph Etheridge is a resident of the Commonwealth of Virginia and is or was employed by Lockheed in Merrifield, Virginia.

**ANSWER TO PARAGRAPH NO. 10:** Lockheed admits, on information and belief, that Plaintiff Joseph Etheridge is a resident of the Commonwealth of Virginia. Lockheed admits the remaining allegations in Paragraph 10.

11.    Plaintiff Sharon Nelson is a resident of the Commonwealth of Virginia and is or was employed by Lockheed in Merrifield, Virginia.

**ANSWER TO PARAGRAPH NO. 11:** Lockheed admits, on information and belief, that Plaintiff Sharon Nelson is a resident of the Commonwealth of Virginia. Lockheed admits the remaining allegations in Paragraph 11.

12.    Plaintiff Sharisse Brown is a resident of the Commonwealth of Virginia and is or was employed by Lockheed in Merrifield, Virginia.

**ANSWER TO PARAGRAPH NO. 12:** Lockheed admits, on information and belief, that Plaintiff Sharisse Brown is a resident of the Commonwealth of Virginia. Lockheed admits the remaining allegations in Paragraph 12.

13.    Lockheed is a Maryland for-profit corporation that has a business presence in the Commonwealth of Virginia and/or otherwise conducts business and/or provided services in the Commonwealth of Virginia and is subject to the personal jurisdiction of this Court and the Courts of the Commonwealth of Virginia. Its principal executive offices are located in Bethesda,

Maryland, and Lockheed has offices throughout the country, including in Arlington and Merrifield, Virginia.

**ANSWER TO PARAGRAPH NO. 13:** Lockheed admits the allegations contained in Paragraph 13.

14.   In addition to Plaintiffs, Defendant has employed or does employ other similarly situated employees; that is, these similarly situated employees are or were employed by Defendant as part of its workforce in Virginia in the period from January of 2007 to the present and are or were employees of Defendant as the term is defined by the FLSA.

**ANSWER TO PARAGRAPH NO. 14:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed admits that it employed individuals as part of its workforce in Virginia in the period from January 2007 to the present.   Lockheed avers that no answer is required as to whether individuals are or were employees of Lockheed as the term is defined by the FLSA, as it calls for a legal conclusion.   To the extent that Plaintiffs contend in Paragraph 14 that this matter is appropriate for collective action and that the requirements for certification are met, Lockheed denies such allegations.

15.   Upon information and belief, there are at least twenty (20) similarly situated employees who are or were employed by Defendant as part of its workforce in Virginia in the period from January of 2007 to the present and are or were Defendant's employees, as that term is defined by the FLSA.

**ANSWER TO PARAGRAPH NO. 15:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees.

Lockheed avers that no answer is required as to whether individuals are or were employees of Lockheed as the term is defined by the FLSA, as it calls for a legal conclusion. To the extent that Plaintiffs contend in Paragraph 15 that this matter is appropriate for collective action and that the requirements for certification are met, Lockheed denies such allegations.

## Factual Allegations

16.    Plaintiff Fields has given her consent in writing to become a party Plaintiff in this action on behalf of herself and other employees similarly situated. (*See* Plaintiff Field's Notice of Opt-In form and Consent to Become Party Plaintiff form, attached hereto as Exhibit 1.)

**ANSWER TO PARAGRAPH NO. 16:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed admits the remaining allegations in Paragraph 16.

17.    Plaintiff Etheridge has given his consent in writing to become a party Plaintiff in this action on behalf of himself and other employees similarly situated. (*See* Plaintiff Etheridge's Notice of Opt-In form and Consent to Become Party Plaintiff form, attached hereto as Exhibit 2).

**ANSWER TO PARAGRAPH NO. 17:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed admits the remaining allegations in Paragraph 17.

18.    Plaintiff Nelson has given her consent in writing to become a party Plaintiff in this action on behalf of herself and other employees similarly situated. (*See* Plaintiff Nelson's Notice of Opt-In form and Consent to Become Party Plaintiff form, attached hereto as Exhibit 3).

8

**ANSWER TO PARAGRAPH NO. 18:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed admits the remaining allegations in Paragraph 18.

19.   Plaintiff Brown has given her consent in writing to become a party Plaintiff in this action on behalf of herself and other employees similarly situated.  (See Plaintiff Brown's Notice of Opt-In form and Consent to Become Party Plaintiff form, attached hereto as Exhibit 4).

**ANSWER TO PARAGRAPH NO. 19:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed admits the remaining allegations in Paragraph 19.

20.   Defendant is a for-profit business incorporated in Maryland, with offices located across the country, including, *inter alia*, offices located at 2650 Park Tower Drive, in Vienna, Virginia, and 1800 South Bell Street, in Arlington, Virginia.

**ANSWER TO PARAGRAPH NO. 20:**   Lockheed admits the allegations in Paragraph 20.

21.   Defendant has gross revenue in excess of $500,000.00 per annum and is an enterprise engaged in commerce, as such terms are defined in FLSA, and thus Defendant is an employer subject to the jurisdiction of the FLSA.

**ANSWER TO PARAGRAPH NO. 21:** Lockheed avers that no answer is required as to whether Lockheed is an "enterprise engaged in commerce," as the term is defined by the FLSA, as it calls for a legal conclusion.  Lockheed admits the remaining allegations in Paragraph 21.

22.     Defendant employed Plaintiffs as Tier 2 Help Customer Service Representatives ("Tier 2 CSR") in its Merrifield office and misclassified them as FLSA exempt employees from on or about June, 2009, through the present.

**ANSWER TO PARAGRAPH NO. 22:**  Lockheed admits that it employed Plaintiffs as Tier 2 Customer Service Representatives.  Lockheed avers that no answer is required as to whether Lockheed "misclassified them as FLSA exempt employees from on or about June, 2009, through the present," as the statement calls for a legal conclusion.  Lockheed denies the remaining allegations in Paragraph 22.

23.     Defendant employed other employees who were similarly situated to Plaintiffs as Tier 2 Help Customer Service Representatives and misclassified them as FLSA exempt employees from January, 2007 through the present date ("similarly situated employees").

**ANSWER TO PARAGRAPH NO. 23:**  Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed admits that it employed other employees as Tier 2 Customer Service Representatives. Lockheed avers that no answer is required as to whether Lockheed "misclassified them as FLSA exempt employees from January, 2007 through the present date," as the statement calls for a legal conclusion.  To the extent that Plaintiffs contend in Paragraph 23 that this matter is appropriate for collective action and that the requirements for certification are met, Lockheed denies such allegations.  Lockheed denies the remaining allegations in Paragraph 23.

24.     Defendant either knew or showed reckless disregard as to whether Plaintiffs and other similarly situated employees were subject to the provisions of the Fair Labor Standards Act of June 25, 1938, Chapter 676, 52 Stat. 1069, 29 U.S.C. §§ 201-19.

**ANSWER TO PARAGRAPH NO. 24:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed denies the remaining allegations in Paragraph 24.

25.    Defendant willfully and intentionally misclassified Plaintiffs and other similarly situated employees in FLSA exempt from in or about 2007 through the present date so that it could avoid paying overtime compensation to Plaintiffs and other similarly situated employees.

**ANSWER TO PARAGRAPH NO. 25:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed denies the remaining allegations in Paragraph 25.

26.    Plaintiffs and other similarly situated employees staff the help desk by responding to calls and requests for support from TSA employees regarding issues with payroll, benefits, and other HR subject areas. The help desk consists of two tiers: Tier 1 and Tier 2.

**ANSWER TO PARAGRAPH NO. 26:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed admits the remaining allegations in Paragraph 26.

27.    When a TSA employee calls with a request for support, the employee first reaches Tier 1 customer service representatives. Tier 1 CSRs have TSA-approved scripts from which they must attempt to answer the employees' questions.

**ANSWER TO PARAGRAPH NO. 27:**   Lockheed admits the allegations in Paragraph 27.

28.     If the Tier 1 CSRs cannot answer the employees' questions from their scripts, the Tier 1 CSRs transfer the call to Tier 2 CSRs, including Plaintiffs and other similarly situated employees.

**ANSWER TO PARAGRAPH NO. 28:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed admits the remaining allegations in Paragraph 28.

29.     When Tier 2 CSRs receive telephone calls, the Tier 2 CSRs, including Plaintiffs and other similarly situated employees, must refer to the "decision tree," provide to them by Lockheed.

**ANSWER TO PARAGRAPH NO. 29:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed admits the remaining allegations in Paragraph 29.

30.     The "decision tree" explains in detail how to handle each telephone call: it instructs Tier 2 CSRs, including Plaintiffs and other similarly situated employees, to handle calls requesting information in five steps; to handle calls requesting "status, of which there are those of 'High' priority and others of lesser priority in six steps; and to handle a "critical" call in five steps.

**ANSWER TO PARAGRAPH NO. 30:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed admits that the "decision tree" explains in detail how to handle each telephone call Lockheed denies the remaining allegations in Paragraph 30.

12

31.     The "decision tree" further instructs Tier 2 CSRs, including Plaintiffs and other similarly situated employees, that calls requesting information should take no longer than five minutes, that calls requesting status take no longer than fifteen minutes, and "critical" calls take no more than fifteen minutes.

**ANSWER TO PARAGRAPH NO. 31:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed admits the remaining allegations in Paragraph 31.

32.     In resolving service requests, the Tier 2 CSRs, including Plaintiffs and other similarly situated employees, create service request files.  If they can answer the employee's questions, the Tier 2 CSRs, including Plaintiffs and other similarly situated employees, will close out the service request.  If the Tier 2 CSRs cannot resolved the employee's questions, the Tier 2 CSRs, including Plaintiffs and other similarly situated employees, will escalate the service request to the correct departments, which will then handle the issue.

**ANSWER TO PARAGRAPH NO. 32:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed admits the remaining allegations in Paragraph 32.

33.     When escalating the service request, the Tier 2 CSR, including Plaintiffs and other similarly situated employees, must format the service request in computer software as per prior instructions and in a set format so that the issue can be escalated to the next department.

**ANSWER TO PARAGRAPH NO. 33:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed admits the remaining allegations in Paragraph 33.

34.     Their 2 CSRs, including Plaintiffs and other similarly situated employees, do not use any independent judgment or discretion in answering questions presented to them by TSA employees.

**ANSWER TO PARAGRAPH NO. 34:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed denies the remaining allegations in Paragraph 34.

35.     Further, the Tier 2 CSRs, including Plaintiffs and other similarly situated employees, are not subject matter experts in any fields.

**ANSWER TO PARAGRAPH NO. 35:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed denies the remaining allegations in Paragraph 35.

36.     Lockheed provided frequently asked questions and answers thereto, and instructed Tier 2 CSRs, including Plaintiffs and other similarly situated employees, to refer to the frequently asked questions in attempting to answer calls requesting information.

**ANSWER TO PARAGRAPH NO. 36:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed admits the remaining allegations in Paragraph 36.

37.     Further, Tier 2 CSRs, including Plaintiffs and other similarly situated employees, escalate approximately ninety percent of the calls routed to them.

**ANSWER TO PARAGRAPH NO. 37:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed denies the remaining allegations in Paragraph 37.

38.    Additionally, Tier 2 CSRs, including Plaintiffs and other similarly situated employees, have no role in drafting human resources policies and procedures and do not supervise any Lockheed or TSA employees.

**ANSWER TO PARAGRAPH NO. 38:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed admits that Plaintiffs the remaining allegations in Paragraph 38.

39.    Moreover, Tier 2 CSRs, including Plaintiffs and other similarly situated employees, do not have the authority to hire or fire personnel, and they do not have any specialized professional skill or training other than general experience in the human resources filed.

**ANSWER TO PARAGRAPH NO. 39:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed admits that Plaintiffs do not have the authority to hire or fire personnel.  Lockheed denies the remaining allegations in Paragraph 39.

40.    Based upon their primary duties and responsibilities, Plaintiffs and other similarly situated employees were and are non-exempt employees under the FLSA and thus are and were entitled to overtime wages for their work at an hourly compensation rate and at time-and-a-half for any and all overtime hours worked.

**ANSWER TO PARAGRAPH NO. 40:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed avers that no answer is required to Plaintiffs' statement that Plaintiffs "and other similarly situated employees were and are non-exempt employees under the FLSA and thus are

15

and were entitled to overtime wages for their work at an hourly compensation rate and at time-and-a-half for any and all overtime hours worked" as the statement calls for a legal conclusion. To the extent that Plaintiffs contend in Paragraph 40 that this matter is appropriate for collective action and that the requirements for certification are met, Lockheed denies such allegations.

41.   Plaintiffs' and other similarly situated employees' primary duties and responsibilities as Tier 2 CSRs did not allow them to exercise real and/or substantial discretion in their work, as their work was clerical in nature, and thus they were not bona fide professional, executive or administrative employees exempt from overtime and record-keeping provisions of the FLSA.

**ANSWER TO PARAGRAPH NO. 41:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed avers that no answer is required to Plaintiffs' statement that Plaintiffs' "primary duties and responsibilities as Tier 2 CSRs did not allow them to exercise real and/or substantial discretion in their work, as their work was clerical in nature, and thus they were not bona fide professional, executive or administrative employees exempt from overtime and record-keeping provisions of the FLSA" as the statement calls for a legal conclusion.   To the extent that Plaintiffs contend in Paragraph 41 that this matter is appropriate for collective action and that the requirements for certification are met, Lockheed denies such allegations.

42.   During Plaintiffs' and other similarly situated employees' employment with Defendant, they regularly worked in excess of forty (40) hours per calendar week.

**ANSWER TO PARAGRAPH NO. 42:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees.

Lockheed admits that Plaintiffs worked more than forty hours in some work weeks. Lockheed denies that characterization that Plaintiffs "regularly" worked in excess of forty hours per calendar week. To the extent that Plaintiffs contend in Paragraph 42 that this matter is appropriate for collective action and that the requirements for certification are met, Lockheed denies such allegations. Lockheed denies the remaining allegations in Paragraph 42.

43. Defendant employed Plaintiffs and other similarly situated employees and were required under the FLSA to compensate Plaintiffs and other similarly situated employees for their work at an hourly compensation rate and at time-and-a-half for any and all overtime hours worked despite Defendant's willful misclassification of Plaintiffs and other similarly situated employees under 29 U.S.C. § 213(a)(1) as exempt employees.

**ANSWER TO PARAGRAPH NO. 43:** Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed avers that no answer is required to Plaintiffs' statement that Lockheed was "required under the FLSA to compensate Plaintiffs and other similarly situated employees for their work at an hourly compensation rate and at time-and-a-half for any and all overtime hours worked despite Defendant's willful misclassification of Plaintiffs and other similarly situated employees under 29 U.S.C. § 213(a)(1) as exempt employees" as the statement calls for a legal conclusion. To the extent that Plaintiffs contend in Paragraph 43 that this matter is appropriate for collective action and that the requirements for certification are met, Lockheed denies such allegations. Lockheed denies the remaining allegations in Paragraph 43.

44. Defendant was aware that Plaintiffs and other similarly situated employees regularly worked in excess of forty (40) hours a week, yet Defendant willfully and intentionally

failed to pay overtime compensation to Plaintiffs and other similarly situated employees at a rate of time-and-a-half for any time worked beyond forty (40) hours per calendar week.

**ANSWER TO PARAGRAPH NO. 44:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed admits that Plaintiffs worked more than forty hours in some work weeks. Lockheed denies that characterization that Plaintiffs "regularly" worked in excess of forty hours per calendar week.   To the extent that Plaintiffs contend in Paragraph 44 that this matter is appropriate for collective action and that the requirements for certification are met, Lockheed denies such allegations. Lockheed denies the remaining allegations in Paragraph 44.

45.     Defendant recognized its obligation to compensate Plaintiffs and other similarly situated employees for their time worked in excess of forty hours per week.

**ANSWER TO PARAGRAPH NO. 45:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. To the extent that Plaintiffs contend in Paragraph 45 that this matter is appropriate for collective action and that the requirements for certification are met, Lockheed denies such allegations. Lockheed denies the remaining allegations in Paragraph 45.

46.     In lieu of paying Plaintiffs and other similarly situated employees at the rate of time-and-a-half for any hours worked over forty (40) per calendar week, Defendant paid Plaintiffs and other similarly situated employees one hour of "compensatory time" for each hour worked between forty one (41) and forty five (45) per week, inclusive, and straight time for each hour worked over forty five per week ("Comp Time/Straight Time Policy").

**ANSWER TO PARAGRAPH NO. 46:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed admits that Plaintiffs received compensatory time off for some hours worked between forty and forty-five in a workweek, and that Plaintiffs received additional straight time for any hours worked beyond forty-five in a workweek.   Lockheed admits that Plaintiffs received a salary providing compensation for all hours worked.   Lockheed denies the remaining allegations in Paragraph 46.

47.     Plaintiffs and other similarly situated employees conferred a benefit upon Defendant by working for Defendant.

**ANSWER TO PARAGRAPH NO. 47:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed admits the remaining allegations in Paragraph 47.

48.     Defendant had an appreciation and/or knowledge of the benefits being conferred upon them by Plaintiffs and other similarly situated employees, and Defendant was aware that Plaintiffs and other similarly situated employees expected to be compensated with wages for their work on Defendant's behalf, as evidenced by Defendant's Comp Time/Straight Time Policy.

**ANSWER TO PARAGRAPH NO. 48:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed admits that it had an appreciation and/or knowledge of the benefits being conferred upon it by Plaintiffs.   Lockheed admits that it was aware that Plaintiffs expected to be

compensated with wages for their work. Lockheed denies the remaining allegations in Paragraph 48.

49.    Defendant willfully and intentionally misclassified Plaintiffs and other similarly situated employees as exempt for overtime purposes when they should have been classified as non-exempt employees under the FLSA.

**ANSWER TO PARAGRAPH NO. 49:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. To the extent that Plaintiffs contend in Paragraph 49 that this matter is appropriate for collective action and that the requirements for certification are met, Lockheed denies such allegations. Lockheed denies the remaining allegations in Paragraph 49.

50.    Moreover, Plaintiffs and the other similarly situated employees did not hold employment positions with Defendant that fell within the statutory exemptions for *bona fide* executive, administrative, or professional employees, as these terms are defined by the Secretary of Labor under the FLSA.

**ANSWER TO PARAGRAPH NO. 50:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed admits the remaining allegations in Paragraph 50. Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed avers that no answer is required to Plaintiffs' statement that Plaintiffs "did not hold employment positions with Defendant that fell within the statutory exemptions for *bona fide* executive, administrative, or professional employees, as these terms are defined by the Secretary of Labor under the FLSA" as the statement calls for a legal conclusion. To the extent that

Plaintiffs contend in Paragraph 50 that this matter is appropriate for collective action and that the requirements for certification are met, Lockheed denies such allegations. Lockheed denies the remaining allegations in Paragraph 50.

51.     Nevertheless, despite the forgoing, Defendant would forfeit any statutory exemptions for *bona fide* executive, administrative, or professional employees even if the same were applicable to the Plaintiffs' and the other similarly situated employees' positions because Defendant did not treat them as exempt employees.

**ANSWER TO PARAGRAPH NO. 51:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. To the extent that Plaintiffs contend in Paragraph 51 that this matter is appropriate for collective action and that the requirements for certification are met, Lockheed denies such allegations. Lockheed denies the remaining allegations in Paragraph 51.

52.     Moreover, Defendant engaged in partial day docking the salaries of Plaintiffs and the other similarly situated employees, reducing their wages proportionately for partial day absences. As such, Defendant cannot meet the FLSA's salary test.

**ANSWER TO PARAGRAPH NO. 52:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed denies that is had a policy of partial day docking.  To the extent deductions were made, Lockheed avers that such deductions were permissible under the FLSA. Lockheed further avers that any impermissible docking, if it occurred, was sporadic and isolated. Lockheed denies the remaining allegations in Paragraph 52.

**FLSA Representative Action Allegations**

53.     After completing 40 hours of labor in any given week, Plaintiffs and other similarly situated employees were entitled to overtime compensation from the Defendant.

**ANSWER TO PARAGRAPH NO. 53:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees.  To the extent that Plaintiffs contend in Paragraph 53 that this matter is appropriate for collective action and that the requirements for certification are met, Lockheed denies such allegations.  Lockheed denies the remaining allegations in Paragraph 53.

54.     Despite Plaintiffs and other similarly situated employees regularly completing over forty (40) hours of labor for the Defendant in any given week, Defendant failed and/or refused to pay Plaintiffs and other similarly situated employees the overtime compensation to which they were and are entitled.

**ANSWER TO PARAGRAPH NO. 54:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees.  To the extent that Plaintiffs contend in Paragraph 54 that this matter is appropriate for collective action and that the requirements for certification are met, Lockheed denies such allegations.  Lockheed denies the remaining allegations in Paragraph 54.

55.     When Plaintiffs and other similarly situated employees worked for Defendant as Tier 2 CSRs, Plaintiffs and the other similarly situated employees did not hold employment positions with Defendant that fell within the statutory exemptions for bona fide executive, administrative, or professional employees, as these terms are defined by the Secretary of Labor under the FLSA.

**ANSWER TO PARAGRAPH NO. 55:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed avers that no answer is required to Plaintiffs' statement that Plaintiffs "did not hold employment positions with Defendant that fell within the statutory exemptions for bona fide executive, administrative, or professional employees, as these terms are defined by the Secretary of Labor under the FLSA," as the statement calls for a legal conclusion.  To the extent that Plaintiffs contend in Paragraph 55 that this matter is appropriate for collective action and that the requirements for certification are met, Lockheed denies such allegations.  Lockheed denies the remaining allegations in Paragraph 55.

56.     Plaintiffs bring this representative action on behalf of themselves and all other similarly situated employees.

**ANSWER TO PARAGRAPH NO. 56:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed avers that Plaintiffs purport to bring this action as a "representative action on behalf of themselves and all other similarly situated employees."  To the extent that Plaintiffs contend in Paragraph 56 that this matter is appropriate for collective action and that the requirements for certification are met, Lockheed denies such allegations.

57.     The cohort of similarly situated employees which Plaintiffs seek to represent is defined as follows:

> All present and former non-exempt employees of Defendant employed as Tier 2 Customer Service Representatives and misclassified as exempt under the FLSA and thus not paid overtime at a rate equal to one and one-half times their hourly compensation ate. This cohort is limited to individuals employed by Defendant as Tier 2 Customer Service Representatives who

were entitled to be compensated with overtime wages equal to one and one-half times their regular compensation rate pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq., and who were caused to sustain damages when they were not paid the overtime wages equal to one and one-half times their regular compensation rate that were legally due and owing to them from and by Defendant.

**ANSWER TO PARAGRAPH NO. 57:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed avers that Plaintiffs purport to bring this action on behalf of those who fit the employees defined in Paragraph 57. To the extent that Plaintiffs contend in Paragraph 57 that this matter is appropriate for collective action and that the requirements for certification are met, Lockheed denies such allegations.

58.   The precise number of similarly situated employees and their addresses are unknown to Plaintiffs but are believed to exceed twenty (20).

**ANSWER TO PARAGRAPH NO. 58:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. To the extent that Plaintiffs contend in Paragraph 58 that this matter is appropriate for collective action and that the requirements for certification are met, Lockheed denies such allegations. Lockheed denies the remaining allegations in Paragraph 58.

59.   The similarly situated employees may be identified from Defendant's records and may be notified of the pendency of this representative action by mail, supplemented, if deemed necessary, by published notice.

**ANSWER TO PARAGRAPH NO. 59:** Lockheed admits that Lockheed's records may reflect the identity of employees and former employees. Lockheed denies that Plaintiffs Fields,

24

Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. To the extent that Plaintiffs contend in Paragraph 59 that this matter is appropriate for collective action and that the requirements for certification are met, Lockheed denies such allegations. Lockheed denies the remaining allegations in Paragraph 59.

60.    There is a well-defined community of interest in the questions of law and fact involved in this case which affect Plaintiffs and all similarly situated employees. Questions of law and fact in common include, but are not limited to, the following:

    a.    The amount of overtime wages due and owing by the Defendant to the Plaintiffs and all similarly situated employees pursuant to FLSA;

    b.    Whether Defendant is unjustly enriched by not paying Plaintiffs and al similarly situated employees that are legally due and owing to them pursuant to the FLSA;

    c.    Whether Plaintiffs are entitled to the declaratory relief prayed for below

    d.    The proper measure of Plaintiffs' and all similarly situated employees' damages; and

    e.    Whether Plaintiffs and all similarly situated employees are entitled to injunctive relief and the nature of such relief.

**ANSWER TO PARAGRAPH NO. 60:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed denies that the questions of law and/or fact stated in Paragraph 60 are common between Plaintiffs Fields, Etheridge, Nelson, and Brown or other current or former employees of Lockheed. Lockheed denies there is a well-defined community of interest. Lockheed denies the remaining allegations in Paragraph 60.

61.     Plaintiffs adequately represent the similarly situated employees because they will fairly and adequately protect their interest.  Plaintiffs' interests do not conflict with the interests of the similarly situated employees whom they seek to represent.  Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in employment litigation.

**ANSWER TO PARAGRAPH NO. 61:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees.  To the extent that Plaintiffs contend in Paragraph 61 that this matter is appropriate for collective action and that the requirements for certification are met, Lockheed denies such allegations.  Lockheed lacks knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 61.

62.     The interests of the similarly situated employees will be fairly and adequately protected by Plaintiffs and their counsel, and this action may be maintained as a representative action because Defendant has acted or refused to act on grounds generally applicable to Plaintiffs and similarly situated employees, thereby making appropriate final and injunctive relief or corresponding declaratory relief with respect to the similarly situated employees.

**ANSWER TO PARAGRAPH NO. 62:**   Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees.  To the extent that Plaintiffs contend in Paragraph 62 that this matter is appropriate for collective action and that the requirements for certification are met, Lockheed denies such allegations.  Lockheed denies the remaining allegations in Paragraph 62.

## COUNT I
### Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*
### (Misclassification)

63.     Plaintiffs and the similarly situated employees hereby incorporate all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

**ANSWER TO PARAGRAPH NO. 63:** Lockheed hereby restates and reincorporates its answers to Paragraphs 1 through 62 of this Complaint as if fully set out herein.

64.     Plaintiffs and the similarly situated employees are or were "employees" and Defendant is an "employer" as those terms are defined in 29 U.S.C. § 203.

**ANSWER TO PARAGRAPH NO. 64:** Lockheed avers that no answer is required as to the allegations in Paragraph 64 because they call for legal conclusions.

65.     Defendant willfully and/or intentionally misclassified Plaintiffs and similarly situated employees as exempt for overtime purposes under the FLSA when they should have been classified as non-exempt employees under FLSA.

**ANSWER TO PARAGRAPH NO. 65:** Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed denies the remaining allegations in Paragraph 65.

66.     Defendant's actions were taken with willful disregard for the rights of Plaintiffs and other similarly situated employees under FLSA.

**ANSWER TO PARAGRAPH NO. 66:** Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed denies the remaining allegations in Paragraph 66.

27

67.    Because Defendant willfully and intentionally misclassified Plaintiffs and similarly situated employees as exempt for overtime purposes under the FLSA, Defendant willfully and intentionally failed and/or refused to pay to Plaintiffs and similarly situated employees overtime wages due and owing under the FLSA when they were employed by Defendant.

**ANSWER TO PARAGRAPH NO. 67:**    Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed denies the remaining allegations in Paragraph 67.

68.    As a result of Defendant's unlawful conduct, Plaintiffs and similarly situated employees suffered a loss of wages.

**ANSWER TO PARAGRAPH NO. 68:**    Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed denies the remaining allegations in Paragraph 68.

69.    Plaintiffs and similarly situated employees are owed unpaid overtime wages by Defendant as allowed under 29 U.S. C. §§ 206 and 207 in an amount which will be determined upon review of Defendant's records and/or at the trial of this action.

**ANSWER TO PARAGRAPH NO. 69:**    Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed denies the remaining allegations in Paragraph 69.

70.    The number of similarly situated employees, and the names of such persons, is unknown, but such persons, upon information and belief, number twenty (20 or more and such persons, who will be identified once discovery is had in this case upon the review of Defendant's

records and upon such identification will file written consents to joinder with this Court pursuant to 29 U.S.C. § 216(b), are owed unpaid overtime wages from Defendant pursuant to 29 U.S.C. §§ 206 and 207 in an amount which will be determined upon a review of Defendant's records and/or at the trial of this action.

**ANSWER TO PARAGRAPH NO. 70:** Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed denies that similarly situated employees and/or former employees are owed unpaid overtime wages. Lockheed lacks knowledge or information sufficient to form a belief as to whether unknown persons will file written consents to joinder with this Court. Lockheed denies the remaining the allegations contained in Paragraph 70.

71.     For violations of the FLSA, 29 U.S.C. § 216(b) allows Plaintiffs and similarly situated employees to recover from Defendant, in addition to any judgment awarded, an additional equal amount as liquidated damages as well as interest on the monies due and owing. 29 U.S.C. § 216(b) further provides that Plaintiffs and similarly situated employees may receive, without limitation, employment, reinstatement, promotion, the costs of this action, as well as a reasonable attorneys' fee to be paid by Defendant.

**ANSWER TO PARAGRAPH NO. 71:** Lockheed avers that no answer is required as to the allegations in Paragraph 71 because they call for a legal conclusion.

**COUNT II**
**Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.***
**(Collection of Wages)**

72.     Plaintiffs and the similarly situated employees hereby incorporate all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

29

**ANSWER TO PARAGRAPH NO. 72:** Lockheed hereby restates and reincorporates its answers to Paragraphs 1 through 71 of this Complaint as if fully set out herein.

73.     Plaintiffs and similarly situated employees are or were "employees" and Defendant is an "employer" as those terms are defined in 29 U.S.C. §203.

**ANSWER TO PARAGRAPH NO. 73:** Lockheed avers that no answer is required as to the allegations in Paragraph 73 because they call for legal conclusions.

74.     Through the actions alleged above, Defendant failed and/or refused to pay to Plaintiffs and similarly situated employees overtime wages in violation of the FLSA.

**ANSWER TO PARAGRAPH NO. 74:** Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed denies the remaining allegations in Paragraph 74.

75.     Defendant's actions were taken with willful disregard for the rights of Plaintiffs and of similarly situated employees under FLSA.

**ANSWER TO PARAGRAPH NO. 75:** Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed denies the remaining allegations in Paragraph 75.

76.     As a result of Defendant's unlawful conduct, Plaintiffs and similarly situated employees suffered a loss of wage.

**ANSWER TO PARAGRAPH NO. 76:** Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed denies the remaining allegations in Paragraph 76.

77.    Plaintiffs and similarly situated employees are owed unpaid overtime wages by Defendant as allowed under 29 U.S.C. § 206 and 207 in an amount which will be determined upon review of Defendant's records and/or at the trial of this action.

**ANSWER TO PARAGRAPH NO. 77:**    Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed denies the remaining allegations in Paragraph 77.

78.    The number of misclassified similarly situated employees, and the names of such persons, is unknown, but such persons, upon information and belief, number twenty (20) or more and such persons, who will be identified once discovery is had in this case upon the review of Defendant's records and upon such identification will file written consents to joinder with this Court pursuant to 29 U.S.C. § 216(b), are owed unpaid overtime wages from Defendant pursuant to 29 U.S.C. §§ 206 and 207 in an amount which will be determined upon a review of Defendant's records and/or at the trial of this action.

**ANSWER TO PARAGRAPH NO. 78:**    Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed denies that similarly situated employees and/or former employees are owed unpaid overtime wages.  Lockheed lacks knowledge or information sufficient to form a belief as to whether unknown persons will file written consents to joinder with this Court.  Lockheed denies the remaining the allegations contained in Paragraph 78.

79.    For violations of the FLSA, 29 U.S.C. § 216(b) allows Plaintiffs and similarly situated employees to recover from Defendant, in addition to any judgment awarded, an additional equal amount as liquidated damages as well as interest on the monies due and owing.

29 U.S.C. § 216(b) further provides that Plaintiffs and similarly situated employees may receive, without limitation, employment, reinstatement, promotion, the costs of this action, as well as a reasonable attorneys' fee to be paid by Defendant.

**ANSWER TO PARAGRAPH NO. 79:** Lockheed avers that no answer is required as to the allegations in Paragraph 79 because they call for a legal conclusion.

<u>**COUNT III**</u>
*Quantum Meruit*
**Virginia Common Law**

80.     Plaintiffs and the similarly situated employees hereby incorporate all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

**ANSWER TO PARAGRAPH NO. 80:** Lockheed hereby restates and reincorporates its answers to Paragraphs 1 through 79 of this Complaint as if fully set out herein.

81.     At times, Plaintiffs and similarly situated employees were employees of Defendant.

**ANSWER TO PARAGRAPH NO. 81:** Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed admits the remaining allegations in Paragraph 81.

82.     Defendant had a contractual obligation to compensate Plaintiffs and similarly situated employees with regular and overtime wages for the regular and overtime hours Plaintiffs and similarly situated employees worked for Defendant.

**ANSWER TO PARAGRAPH NO. 82:** Lockheed denies that Plaintiffs Fields, Etheridge, Nelson, and Brown are similarly situated to each other or to other employees. Lockheed denies the remaining allegations in Paragraph 82.

83.     Plaintiffs and similarly situated employees conferred benefits upon Defendant by working regular and overtime hours on Defendant's behalf.

**ANSWER TO PARAGRAPH NO. 83:**   Lockheed   denies   that   Plaintiffs   Fields, Etheridge,   Nelson,   and   Brown   are   similarly   situated   to   each   other   or   to   other   employees. Lockheed admits that Plaintiffs conferred benefits upon Lockheed by working on Lockheed's behalf.  Lockheed denies the remaining allegations in Paragraph 83.

84.     Defendant had an appreciation or knowledge of the benefits being conferred upon it by Plaintiffs and similarly situated employees.

**ANSWER TO PARAGRAPH NO. 84:**   Lockheed   denies   that   Plaintiffs   Fields, Etheridge,   Nelson,   and   Brown   are   similarly   situated   to   each   other   or   to   other   employees. Lockheed admits the remaining allegations in Paragraph 84.

85.     Despite the foregoing, Defendant retained some of the overtime wages due and owing to Plaintiffs and the similarly situated employees in circumstances that make it inequitable for Defendant to have received the benefits without paying for their value.

**ANSWER TO PARAGRAPH NO. 85:**   Lockheed   denies   that   Plaintiffs   Fields, Etheridge,   Nelson,   and   Brown   are   similarly   situated   to   each   other   or   to   other   employees. Lockheed denies the remaining allegations in Paragraph 85.

86.     Wherefore, Plaintiffs and the similarly situated employees seek a judgment against Defendant in *quantum meruit*, together with an award of interests and costs.

**ANSWER TO PARAGRAPH NO. 86:**   Lockheed   denies   that   Plaintiffs   Fields, Etheridge,   Nelson,   and   Brown   are   similarly   situated   to   each   other   or   to   other   employees. Lockheed avers that Plaintiffs purport to seek a judgment against Defendant in *quantum meruit*,

together with an award of interests and costs.   Lockheed denies the remaining allegations contained in Paragraph 86.

## DEFENSES

Lockheed asserts the following defenses, without prejudice to its right to argue that Plaintiffs bear the burden of proof regarding some or all of these defenses.

1.    The claims of Plaintiffs and any current or former employee alleged to be similarly situated to Plaintiffs are barred in whole or in part by the applicable statute(s) of limitations.

2.    Some or all of Plaintiffs' allegations fail to state a claim for which relief can be granted.

3.    Plaintiffs have failed to plead a *prima facie* case arising under the FLSA.

4.    Plaintiffs' claims under the FLSA are barred to the extent that Lockheed's actions have been taken in good faith in conformity with and reliance upon established rulings, administrative regulations, and interpretations of the FLSA within the meaning of 29 U.S.C. § 259.

5.    The Complaint is barred, in whole or in part, by the doctrine of payment, as Plaintiffs and any current or former employee alleged to be similarly situated to Plaintiffs have been properly compensated.

6.    Upon information and belief, Plaintiffs have, in whole or in part, failed to mitigate any damages.

7.      Lockheed acted reasonably and in good faith at all times, and therefore Plaintiffs' claims and those of any current or former employee alleged to be similarly situated to Plaintiffs, including without limitation any claims for liquidated damages, are barred in whole or in part.

8.      Plaintiffs' claims are barred to the extent that they purport to represent individuals who have not been provided the opportunity to opt in or out of this litigation.

9.      Plaintiffs' claims are barred in whole or in part because the purported putative plaintiffs are not similarly situated so as to maintain a collective action under the FLSA.

10.     Plaintiffs' claims are barred to the extent that Plaintiffs seek to assert claims on behalf of any employees who are exempt from the FLSA.

11.     Plaintiffs' claims must fail as Lockheed properly treated and compensated Plaintiffs under the FLSA.

12.     Plaintiffs' claims must fail as they were exempt from the overtime requirement under the administrative exemption set forth for in section 13(a)(1) of the FLSA.

13.     Plaintiffs' claims under the FLSA are barred because Plaintiffs have been paid all wages due under the FLSA.

14.     Plaintiffs' claims are barred to the extent Plaintiffs seek compensation for activities that are non-compensable under the Portal-to-Portal Act, including 29 U.S.C. § 254(a).

15.     Plaintiffs cannot establish that any acts or omissions of Lockheed were willful under the FLSA.

16.     Plaintiffs' claims are barred, or recovery of damages is precluded, under the *de minimis* doctrine.

17.     To the extent Plaintiffs were involved in any improper activities or engaged in the same conduct about which they now complain, or failed to properly notice and act upon such conduct, Plaintiffs are estopped from recovering for their claims.

18.     If the facts reveal that Plaintiffs were engaged in efforts to alter their own time records or the time records of others, or in any other way violated the established policies of their employer with regard to employment practices, Plaintiffs should be estopped from recovering on any claim related to such violation of policy.

19.     If the facts reveal that Plaintiffs reported to their employer that they had been correctly and fully paid for all time worked, Plaintiffs should be estopped from recovering on any claim of uncompensated wages.

20.     Because no discovery has yet occurred in this action, Lockheed reserves the right to assert other defenses as appropriate.


Respectfully submitted,

June 1, 2010                                    **JACKSON LEWIS LLP**

                                                 _/s/ Paul DeCamp_____
                                                Paul DeCamp (VSB #76204)
                                                Elizabeth C. Young (VSB #76163)
                                                JACKSON LEWIS, LLP
                                                10701 Parkridge Blvd., Suite 300
                                                Reston, VA 20191
                                                Tel:    (703) 483-8300
                                                Email: DeCampP@jacksonlewis.com
                                                Email: YoungE@jacksonlewis.com
                                                Counsel for Lockheed Martin Corporation

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on June 1, 2010, he caused a true and correct copy of the foregoing **Defendant Lockheed Martin Corporation's Answer To Plaintiffs' Complaint** to be filed with the Court by the Court's ECF/CM electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

> Nicholas Woodfield
> R. Scott Oswald
> The Employment Law Group, PC
> 888 17th Street, NW, Suite 900
> Washington, DC 20006
> Email: nwoodfield@employmentlawgroup.net
> Email: sowald@employmentlawgroup.net
> Counsel for Plaintiffs

                                   /s/ Paul DeCamp

4827-0137-0630, v. 2

37